# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| GAYLUS BAILEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No: _____ |
| ) | |
| ) | |
| REAL TIME STAFFING SERVICES, INC.) | |
| D/B/A SELECT STAFFING ) | JURY DEMANDED |
| ) | |
|     Defendant. ) | |

_____

## COMPLAINT
_____

Plaintiff, **GAYLUS BAILEY**, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Defendant, Real Time Staffing Service, Inc. d/b/a Select Staffing, for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Amendments Act (ADA-AA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES
### A. THE PLAINTIFF

2. Plaintiff, Gaylus Bailey, currently resides in Memphis, Tennessee and is a citizen of the United States.

1

## B. THE DEFENDANT

3. Defendant, Real Time Staffing Services, Inc., d/b/a Select Staffing is a foreign corporation doing business within the Western District of Tennessee and was an "employer" of Plaintiff within the provisions of the ADA-AA.

4. The Defendant is bound by the law and regulations concerning the ADA-AA.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC, received a Notice of Suit Rights dated December 14, 2010, and has timely filed this action within the requisite ninety days. Accordingly, he has exhausted administrative prerequisites under ADA-AA.

6. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

## IV. FACTS

7. Defendant is a staffing agency. It employed Plaintiff in Memphis, Tennessee and, since October of 2007, sent him on various assignments.

8. Plaintiff has a "disability" as that term of art is defined by the ADA-AA. His medical impairment substantially limits the "major life activity" of "major bodily functions," including his immune system, and is therefore a "disability" under the ADA-AA. Without his medication—"disability" under ADA-AA is determined without reference to mitigating measure—Plaintiff's condition would be even more life threatening than it already is.

9. In March of 2010, Plaintiff was asked to take a drug test.

10. Due to the medications taken for his disability, Plaintiff's drug test returned a false positive.

11. Defendant has filed a response to the Equal Employment Opportunity Commission, prepared by its Corporate Counsel.

12. Upon being informed of his false positive, Plaintiff immediately returned with a doctor's note from his family nurse practitioner.

13. In Defendant's response to EEOC, Defendant erroneously stated that Plaintiff brought the note "a few days later."

14. On March 11, 2010, Plaintiff tendered the note to Tamara Watkins, a personnel supervisor for Defendant. He refused to disclose the nature of his medical condition to Watkins because the condition is highly personal and stigmatic. [1] Watkins informed Plaintiff that no medical conditions could cause his particular false positive. Plaintiff responded that he would not disclose his condition and that Watkins was hardly qualified to make such a judgment.

15. In Defendant's response to EEOC, Defendant erroneously stated that Plaintiff told Ms. Watkins "he had a kidney disease and was on dialysis."

16. Plaintiff does not have a kidney disease.

17. Plaintiff is not on dialysis.

18. Watkins just made this up.

19. On Monday, March 15, 2010, Plaintiff would return with another note from his family nurse practitioner. He presented this note to Defendant's branch manager, Peggy Franklin.

---

[1] Plaintiff had not even disclosed his condition to close family members.

This note stated: "Galyus Bailey is a patient at the Regional Medical Center at Memphis/Medplex. Mr. Bailey has been prescribed medication that may result in a false positive for marijuana on a urine drug screen (UDS)."

20. Ms. Franklin would not accept the note, or make a copy of the note. She advised Plaintiff to take it up with a medical review officer (MRO) who would be calling him.

21. Plaintiff waited for an MRO to call him, but the MRO never did call him.

22. In Defendant's response to EEOC, Defendant erroneously stated that an MRO informed Ms. Franklin at 10:40 a.m. on March 15th a "doctor's assistant" had spoken to Mr. Bailey concerning the failed drug test. Defendant stated to EEOC that Plaintiff "refused to provide information to the MRO."

23. Plaintiff never did not speak to any MRO, nor did he ever refuse to provide information to an MRO. In fact, that is precisely what Plaintiff *was looking to do.*

24. Defendant acted upon the false positive—attributing to Plaintiff a dangerousness that is false. Specifically, Defendant instructed Plaintiff that he was terminated—would not be sent on any further assignments—due to the drug test result.

25. The false positive is a clear manifestation of Plaintiff's disability and the mitigating measure of medications taken for his disability. By terminating Plaintiff for a manifestation of his disability, Defendant has violated the ADA-AA.

26. Defendant's actions, above, have denied Plaintiff income (back pay and front pay), benefits, and have caused him to suffer emotionally and financially. Plaintiff's financial suffering became severe and what was supposed to be a private medical condition has now required this lawsuit. Accordingly, Plaintiff seeks wage loss, benefits loss, reinstatement,

compensatory damages, punitive damages (for intentional indifference to federally protected rights under ADA-AA) and attorneys fees and costs.

## V. CAUSE OF ACTION UNDER THE ADA-AA

27. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-18 herein. By their actions alleged herein, Defendant discriminated against Plaintiff in violation of the ADA-AA due to Plaintiff's disability by terminating his employment for a manifestation of his disability.

## VI. PRAYER FOR RELIEF

28. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff;

    D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment;

    E. Punitive damages for deterrence;

    F. Reasonable attorneys' fees;

    G. The costs and expenses of this action;

    H. Such other legal and equitable relief to which Plaintiff may be entitled; and

    I. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC


s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF